UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELO MITCHELL,

    Plaintiff,

    v.

ROBERT W. FOX,

    Defendant.

Case No. 16-cv-03885-EMC

**ORDER ON INITIAL REVIEW**

### I. INTRODUCTION

Angelo Mitchell, an inmate at the California Medical Facility in Vacaville, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### II. BACKGROUND

The petition provides the following information: In 2004, Mr. Mitchell was convicted in the San Francisco County Superior Court of forcible oral copulation with a minor, sexual battery, and making a criminal threat. *See* Docket No. 1 at 2. Mr. Mitchell was sentenced on March 9, 2004 to 31 years to life in prison. *See id.* at 1. He appealed. The California Court of Appeal affirmed his conviction in 2005 and the California Supreme Court denied his petition for review in 2006. *See id.* at 3. Mr. Mitchell also filed unsuccessful state habeas petitions in 2015.

Mr. Mitchell's federal petition for writ of habeas corpus was stamped "filed" on July 11, 2016. The petition has a proof of service showing it was mailed to the Court on July 7, 2016 from someone in Fresno, rather than from the prison in which Mr. Mitchell is located. Because the petition was mailed to the Court from someone outside prison, Mr. Mitchell does not receive the

1  benefit of the prisoner mailbox rule. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir.
2  2003) (to benefit from the mailbox rule, a prisoner must be proceeding without assistance of
3  counsel and must deliver his filing to prison authorities for forwarding to the court). The petition
4  is deemed filed on July 11, 2016, the actual date it was stamped "filed" at the Court.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and therefore may be untimely under the AEDPA's one-year limitation period. This

apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## IV. CONCLUSION

Good cause appearing therefor,

1. The Clerk shall serve a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **October 28, 2016**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **November 25, 2016**.

4. Respondent may file and serve a reply on or before **December 9, 2016.**

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

**IT IS SO ORDERED**.

Dated: August 26, 2016

_____
EDWARD M. CHEN
United States District Judge